**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
CASE NO.     6:20-CV-1591

| | | |
|---|---|---|
| SHELBY HILL | ) | |
| A/K/A SHELBY "JILL", | ) | |
| Individually and on behalf of | ) | CLASS ACTION |
| all others similarly situated, | ) | |
|     Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | |
| AMERICAN MED SYSTEMS, INC., | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**AND DEMAND FOR JURY TRIAL**

    **COMES NOW** the Plaintiff, SHELBY HILL A/K/A SHELBY "JILL", (hereinafter referred to as the "Plaintiff" or by name), individually and on behalf of all others similarly situated, by and through his/her undersigned attorney, and files this Complaint and sues the Defendant, AMERICAN MED SYSTEMS, INC., a FOREIGN CORPORATION, (hereinafter referred to as the "Defendant" or "AMS"), for damages and other relief pursuant to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") and for damages and injunctive relief pursuant to the Florida Consumer Collection Practices Act (hereinafter "FLCCPA"), and in support thereof alleges:

**ALLEGATIONS COMMON TO ALL COUNTS**

1.    The Court has original jurisdiction in this action by virtue of 28 U.S.C. §1331 because the matter in dispute involves a federal law arising under the Constitution, laws, or treatises of the United States, to wit: the FDCPA, 15 U.S.C. §1692.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a), as the other claims

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District under 28 U.S.C. §1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of injury on Plaintiff in the State of Florida.  This is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

3.      This is an action for damages and other relief for violation of the FDCPA 15 U.S.C. §1692, et seq., and damages and injunctive relief for violation FLCCPA §559.72(9) (2020), F.S.

4.      At all times material hereto, the Plaintiff is a resident of this district in Seminole County, Florida, and is sui juris.

5.      At all times material hereto, the Plaintiff is a consumer pursuant to the FDCPA and the FLCCPA in that he/she is a natural person obligated or allegedly obligated to pay a consumer debt, to wit: a debt for personal medical services rendered to and for herself.

6.      At all times material hereto, the Defendant is a consumer debt collector within the meaning of the FDCPA and the FLCCPA in that: the Defendant has used instrumentalities of interstate commerce such as the telephone, the mails, and the internet in their business the principal purpose of which is the collection of debts; the Defendant regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another; and the Defendant has represented themselves

to be a consumer debt collector in advertisements.

7.     The Defendant is a consumer collection agency pursuant to the FLCCPA in that they are a debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts and they are not expressly exempted from the law as set forth by Florida Statutes.

8.     The Defendant is a debt collector pursuant to the FLCCPA in that they are a person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.     At all times material hereto, the debt the Defendant was attempting to collect was a consumer debt, specifically, an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation had been reduced to judgment within the meaning of the FDCPA 15 U.S.C. §1692a(5), to wit: a debt for personal medical services rendered to and for herself.

10.    The alleged debt the Defendant attempted to collect from the Plaintiff is due to, owed to, and owned by another.  The debt is not due to, owed to, or owned by, the Defendant.

11.    The alleged debt the Defendant attempted to collect from the Plaintiff was in default at the time the Defendant received the debt from the original creditor for purposes of

collecting the debt.

12.    The Defendant used interstate mail services and facilities in their attempt to collect the alleged debt from the Plaintiff by sending the Plaintiff debt collection communications through the U.S. Mail to the State of Florida for the purpose of collection from another state.

13.    Defendant AMS:

   a.    The Defendant regularly collects or attempts to collect, directly or indirectly, many consumer debts against many consumers, including the Plaintiff, that were due another.

   b.    The Defendant uses standardized form letters to consumers in their efforts to collect consumer debts.

   c.    The consumer debts the Defendant attempts to collect are in default at the time the Defendant receives the debts and attempted to collect said debts.

   d.    The Defendant AMS advertises:

      1.    *AMS is THE PREMIER COLLECTION AGENCY FOR COMMERCIAL AND MEDICAL ACCOUNTS.*

      2.    *AMS collects Self-Pay Aged Collections*

      3.    *AMS was incorporated in Ohio in 2002 by President and CEO Raymond R. Eckert, who has nearly 32 years of experience in the collection and billing industry. AMS offers services to Hospitals and Physicians offices throughout the United States. Currently headquartered in Uniontown, Ohio, Henderson, Nevada is the home of the company's new Western office sales division. Our company also has a commercial division that handles collection services for non-medical facilities. Call us today so we can start increasing your monthly revenue!*

4.      *We tailor our service to meet the needs of your unique business model. There is no "one-size-fits-all" motto at AMS! Our service is personal. From establishing customized notices and call schedules, to providing any of our numerous reporting tools, we offer proven methods of that serve one purpose – getting your outstanding balances paid, and money back in your pocket! AMS has one of the highest rates of recovery in the industry.*

5.      *We have collection techniques designed for medical collections, as well as commercial collections. We understand the difference, and have only professional and knowledgeable personnel dealing with your patients and customers. From "soft" early out collections, to a more "firm" approach, we have the tools and experience to get you paid, while representing and maintaining your professional image.  Our staff are trained and compliant in HIPAA laws and the Fair Debt Collection Practices Act (FDCPA).*

6.      *Proven results, over 20 YEARS EXPERIENCE IN WORKERS COMP BILLING, PRIVATE PAYER BILLING and PAST DUE COLLECTIONS.*

7.      *AMS has a CHECKLIST FOR SUCCESS*
□ *Over 30 + years of experience*
□ *Fair and reasonable pricing*
□ *Precise reports*
□ *24/7 access to your accounts*
□ *Free quotes*
□ *All calls are recorded*
□ *No long term lock in contracts*
□ *Zero start-up fees*
□ *Our staff is results driven*
□ *No recordings, real people taking calls*
□ *HIPAA and FDCPA compliant*
□ *MEDICAL COLLECTIONS*
□ *COMMERCIAL COLLECTIONS*
□ *CONSUMER COLLECTIONS*
□ *SERVICE COLLECTIONS AND SCHOOL LOANS*

8.      *American Med Systems has been a successful collection agency and medical billing agency since 1996. The CEO Raymond Eckert has been involved in the industry since 1984. Our services include medical collections and commercial collections.  American Corporate Recovery, a subsidiary, works commercial collections.*

9.      *We work on commission only. If we don't collect the account, there is no fee.*

10.   *There is absolutely no other cost involved. Our fees are as low as 8% and as high as 40%. Age and balance of the account is what determines that fee rate. Accounts over 1 year old from date of service are 35%, under 1 year 25%. Balances under $100 are 30%.*

11.   *We send a series of collection notices to the debtors that graduate in tone and demand. Our philosophy is notices do not collect revenue, phone calls do.*

12.   *We are trained to collect revenue and ask for payments. This is what we do for a living and are very successful at it. We can accept credit cards, checks by phone and payment via our web site. We are trained medical collectors who know how to talk to patients and know how to understand medical insurance questions. Our commercial collections are worked by an entirely separate department by well-trained recovery agents.*

e.   Based upon the Defendant's own representations as being consumer debt collectors, it is believed they collect consumer debts against hundreds if not thousands of other consumer debtors on a regular basis and use the telephone and/or the U.S. Mail in that business.

f.   The Defendant has officers, directors, employees, and/or other persons trained in consumer debt collection practices and procedures on the staff of their business and they use forms and scripts specifically for consumer debt collection in their consumer debt collection activities.

g.   The instances of consumer debt collection activity performed by the Defendant is numerous, frequent, orderly, recurring, uniform, and performed at normal intervals as routinely requested by clients pursuant to established client relationships to a sufficient degree to qualify as "regular" pursuant to the FDCPA.

14.   All of the purported violations of the law by the Defendant as stated and described herein are substantial and material and have resulted in direct harm to the Plaintiff and members

of the Class(es).

15.     The Defendant refers to the Plaintiff as SHELBY "JILL" when her correct name is
SHELBY HILL.  SHELBY HILL and SHELBY "JILL" are one and the same person.

16.     The Plaintiff has retained the undersigned law firm to represent him/her in these
proceedings pursuant to a fee agreement.

17.     Pursuant to the FDCPA, 15 U.S.C. §1692(k)(3), if the Plaintiff is successful in enforcing
liability under the Act, the Plaintiff is entitled to and requests that the Court award
him/her reasonable attorney's fees and costs incurred.

18.     Pursuant to the FDCPA, 15 U.S.C. §1692(k)(3), if the Plaintiff is successful in enforcing
liability under the Act, the Plaintiff is entitled to and requests that the Court award
him/her reasonable attorney's fees and costs incurred.

19.     Pursuant to the FLCCPA, F.S. §559.77 (2019), if the Plaintiff is successful in enforcing
liability under the Statute, the Plaintiff is entitled to and requests that the Court award
him/her reasonable attorney's fees and costs incurred.

20.     All conditions precedent to the filing of this action have occurred, have been satisfied, or
have been waived.

21.     The Plaintiff requests trial by jury on all issues triable by jury as of right or by law.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this case as a Class action pursuant to Rule 23, Fed.R.Civ.P.

23.     There are questions of law and fact common to each Class, which common issues predominate over any issues peculiar to individual Class members.   The principal common questions are:

a.     <u>Is the Defendant's altered FDCPA language contained in their initial debt collection letter (First Letter) a violation of the FDCPA?</u>

**This account has been referred to our office for immediate collection.**

**If you dispute the validity of this debt or any portion thereof, you must contact our office within 30 days of receiving this notice to dispute the debt; if you do not dispute within 30 days of receiving this notice we will assume the debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt and we will mail the verification to you.  We do not have the ability to accept faxed disputes, call or mail only.  If you request from this office in writing within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and all information received will be used for that purpose.**

**If payment in full cannot be made at this time, please call our office at 1-800-470-6986 for payment arrangements. This could be your last opportunity to prevent this from being placed on your credit report.**

15 U.S.C. §1692g     Overshadowing or inconsistent with required disclosures.

15 U.S.C. 1692e(11)   Failure to disclose that the communication is from a debt collector.

15 U.S.C. 1692g(a)(4)        Failure to state dispute of debt may be on **"any portion thereof"** of debt.

15 U.S.C. 1692g(a)(4)        Failure to state dispute of the debt must be **"in writing"** to obtain

validation information.

15 U.S.C. 1692g(a)(4)          Mischaracterization of a fax as not a writing.

15 U.S.C. 1692g(a)(4)          Misstatement that an oral request for verification is sufficient.

15 U.S.C. 1692g(a)(2)          Failure to state name of the original creditor to whom debt owed.

15 U.S.C. §1692e, (10)          Statements were false, deceptive, or misleading representation or means in connection with the collection of a debt in violation.

15 U.S.C. §1692f          Statements were also unfair or unconscionable means to collect or attempt to collect any debt.

      b.     <u>Is the Defendant's debt collection letter (Second Letter) a violation of the FDCPA?</u>

15 U.S.C. 1692e(11)   Failure to disclose that the communication is from a debt collector.

15 U.S.C. 1692e(11)   Second letter demanding immediate payment sent before expiration of 30 days form initial communication.

15 U.S.C. 1692g(a)(2)          Failure to state name of the original creditor to whom debt owed.

15 U.S.C. §1692e, (10)          Statements were false, deceptive, or misleading representation or means in connection with the collection of a debt in violation.

15 U.S.C. §1692f          Statements were also unfair or unconscionable means to collect or attempt to collect any debt.

24.     (i) Approximate Number of Class Members:        The members of each Class are so numerous that separate joinder of each member is impracticable.  The approximate number of Class members is unknown but is reasonably expected to be in the hundreds if not thousands for each proposed Class.

25.     (ii) Definition of the Alleged Class:   There is/are four (4) proposed Class(es) defined as follows:

    a.     The First Class consists of all persons who satisfy the following criteria.

        (i)     Received an initial debt collection letter from AMS;
        (ii)    For a consumer debt;
        (iii)   The letter contained defective FDCPA language in substantially the following form:

**This account has been referred to our office for immediate collection.**

**If you dispute the validity of this debt or any portion thereof, you must contact our office within 30 days of receiving this notice to dispute the debt; if you do not dispute within 30 days of receiving this notice we will assume the debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt and we will mail the verification to you.  We do not have the ability to accept faxed disputes, call or mail only.  If you request from this office in writing within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and all information received will be used for that purpose.**

**If payment in full cannot be made at this time, please call our office at 1-800-470-6986 for payment arrangements. This could be your last opportunity to prevent this from being placed on your credit report.;**

        (iv)    During the one year period prior to the filing of the complaint in this action.

    b.     The Second Class consists of all persons who satisfy the following criteria.

        (i)     Received a second debt collection letter from AMS;
        (ii)    For a consumer debt;
        (iii)   The letter did not identify that it was from a debt collector;
        (iv)    During the one year period prior to the filing of the complaint in this action.

c.    The Third Class consists of all persons who satisfy the following criteria.

    (i)    Received a second debt collection letter from AMS;

    (ii)    For a consumer debt;

    (iii)    The letter contained a demand for immediate payment and was sent before expiration of 30 days from the initial communication;

    (iv)    During the one year period prior to the filing of the complaint in this action.

d.    The Fourth Class consists of all persons who satisfy the following criteria.

    (i)    Received a second debt collection letter from AMS;

    (ii)    For a consumer debt;

    (iii)    The letter failed to state name of the original creditor to whom debt was owed and such information was not in a prior communication from the debt collector;

    (iv)    During the one year period prior to the filing of the complaint in this action.

26.    <u>(iii) The Representative Party Will Fairly and Adequately Protect and Represent the Interests of Each Member of the Class:</u>    The Plaintiff will fairly and adequately represent the interests of the Class members.

27.    The Plaintiff has retained counsel experienced in prosecuting consumer protection matters and there is no reason why Plaintiff and his/her counsel will not vigorously pursue this matter.

28.    (b)(1)(A)    The prosecution of separate claims or defenses by or against individual members of each Class would create a risk of inconsistent or varying adjudications concerning individual members of each Class which would establish incompatible standards of conduct for the party opposing each Class.

29.    (b)(1)(B)    Adjudications concerning individual members of each Class which would, as a practical matter, be dispositive of the interests of other members of each Class who are not parties to the adjudications, or substantially impair or impede the ability of

other members of each Class who are not parties to the adjudications to protect their interests.

30.    (b)(2)        The Defendant has acted or refused to act on grounds generally applicable to all the members of each Class, thereby making final injunctive relief or an award of damages concerning each Class as a whole appropriate.  Plaintiff's claims are typical of the claims of all of the members of each Class who were the subject of improper debt collection activities and communications from the Defendant in violation of the law.  The Defendant has acted on grounds which are generally applicable to the Class, in that they have acted in a uniform manner with respect to all members of each The Plaintiff and the members of each Class have sustained similar damages and violations of their rights as a result of the actions of the Defendant and are requesting similar relief.

31.    (b)(3)        The questions of law or fact common to the claims of the representative party and the claims of each member of each Class predominate over any question of law or fact affecting only individual members of each Class, and Class representation is superior to other available methods for the fair and efficient adjudication of the controversy.  The principal common questions are stated above in Paragraph 22.

**COUNT I            VIOLATION OF THE FDCPA 15 USC §1692**

**(Class Action)**

32.     Plaintiff readopts and realleges allegations 1 through 31, inclusive, as if fully set forth herein.

33.     In addition to all other counts of this complaint or in the alternative to them, the Plaintiff, individually and on behalf of all others similarly situated, sues Defendant AMS for violation of FDCPA 15 USC §1692.

34.     At all times material hereto, Defendant AMS acted to collect consumer debts, including consumer debts for personal medical services rendered in Florida.

**FIRST LETTER**

35.     On or about 3/2/2020, AMS sent the Plaintiff a debt collection communication.  A copy of this letter is attached hereto and made a part hereof as Exhibit "A".

36.     Said debt collection communication from AMS concerned the Plaintiff's debt for personal medical services rendered for herself.

37.     The Plaintiff received this letter.

38.     The letter states, in relevant part:

**NOTIFICATION**

**SHELBY JILL,**

**This account has been referred to our office for immediate collection.**

**If you dispute the validity of this debt or any portion thereof, you must contact our office within 30 days of receiving this notice to dispute the debt; if you do not dispute within 30 days of receiving this notice we will assume the debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt and we will mail the verification to you.  We do not have the ability to accept faxed disputes, call or mail only.  If you request from this office in writing within 30 days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and all information received will be used for that purpose.**

**If payment in full cannot be made at this time, please call our office at 1-800-470-6986 for payment arrangements. This could be your last opportunity to prevent this from being placed on your credit report.**

39.     The letter of 3/2/2020 violated the FDCPA in the following ways:

   a.     <u>FIRST VIOLATION</u>  The letter states: **"This account has been referred to our office for immediate collection."…**Further, the letter states:  **"If payment in full cannot be made at this time, please call our office at 1-800-470-6986 for payment arrangements. This could be your last opportunity to prevent this from being placed on your credit report."**

   This letter therefore demands immediate payment and if payment is not made immediately, AMS threatens specific immediate action against the Plaintiff, that is, to place the collection on the debtor's credit report.  These statements contradict and overshadow the FDCPA's right that a debtor be given 30 days to dispute the debt or request verification in violation of 15 U.S.C. §1692g by overshadowing or being inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor and obtain written documentation validating of the debt.

b.      <u>SECOND VIOLATION</u>         The    Defendant's    debt    collection communication fails to identify AMS as a debt collector in violation of 15 U.S.C. §1692e(11).

c.      <u>THIRD VIOLATION</u>        The Defendant's debt collection communication fails to identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §1692g(a)(2).

d.      <u>FOURTH VIOLATION</u>         The letter states:  **"If you dispute the validity of this debt or any portion thereof, <u>you must contact our office within 30 days of receiving this notice to dispute the debt; if you do not dispute within 30 days of receiving this notice we will assume the debt is valid.".</u>** (underlining emphasis added)

This letter and the statements therein are not in substantial compliance with the wording required by 15 U.S.C. 1692g.

This statement is confusing to the least sophisticated consumer by falsely representing that the only person who can dispute a debt is the debtor themselves (**<u>you must contact our office</u>**), not anyone else on their behalf, which would include an attorney.

This statement is confusing to the least sophisticated consumer by falsely representing that the debtor is absolutely required to contact the Defendant concerning dispute of this debt without exception.  This statement is undoubtedly geared to discourage the debtor from any method of disputing this debt, such as seeking legal advice or filing a lawsuit, which the letter states is not a permitted

way to dispute the debt.

This statement is confusing to the least sophisticated consumer by falsely representing that the debtor can only dispute the entire debt and not a portion of the debt.

This statement is confusing to the least sophisticated consumer by not identifying what a debtor must dispute or how much of the debt must be disputed or risk having the debt assumed to be valid.

e.     FIFTH VIOLATION         The letter misstates the FDCPA's validation notice by leaving out the **"or any portion thereof"** requirement of 15 U.S.C. 1692g(4), thereby misleading the debtor into falsely believing they cannot obtain verification of the purported debt if they only dispute a portion of the debt.

**"If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt and we will mail the verification to you."**

f.      SIXTH VIOLATION         The letter misstates the FDCPA's validation notice by leaving out the **"in writing"** requirement of 15 U.S.C. 1692g(4), thereby misleading the debtor into falsely believing the Defendant must provide, and the debtor can obtain, verification of the purported debt by oral request when the debt collector is under no legal duty to provide a response to an oral request.

**"If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt and we will mail the verification to you."**

g.     <u>SEVENTH VIOLATION</u>          The letter states:  **"We do not have the ability to accept faxed disputes, call or mail only",** which confuses the least sophisticated consumer by falsely representing the wording required or allowed by 15 U.S.C. 1692g.

This statement is confusing to the least sophisticated consumer by falsely representing that the FDCPA allows the debtor to make an oral telephone call to Defendant to preserve their rights and that certain written communications would not be sufficient (faxes).

Additionally, the Defendant is not allowed to summarily declare a fax to be an insufficient form of writing to invoke the FDCPA rights and protections and it confuses the least sophisticated consumer as to what is allowed and what is not. If, in fact, the Defendant had a fax machine and received a fax from a consumer or their attorney disputing a debt or requesting verification/validation of the debt, the law would allow that to be a sufficient writing to invoke a person's FDCPA rights.

h.     <u>EIGHTH VIOLATION</u>          The Plaintiff made partial payment of this debt and owes only $85.00 and all records clearly show this amount was owed well before the Defendant starting their collection activities.  By claiming the Plaintiff owes $110.00, the Defendant has violated 15 U.S.C. 1692e(2)(a), by falsely representing the character, amount, or legal status of the debt.

i.     <u>NINTH VIOLATION</u>          The Defendant's letter fails to state the name of the original creditor to whom the debt is owed as required by 15 U.S.C.

1692g(a)(2). The Defendant did not send another letter within 5 days of the initial communication with the name of the creditor to whom the debt is owed either.

40. Taken individually or collectively, all of the violations of the FDCPA in the first letter by the Defendant had a purpose and/or effect of overshadowing and obfuscating the protections of the act to the detriment of the Plaintiff and all members of each Class.

41. Taken individually or collectively, all of the violations of the FDCPA in the first letter are also false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. §1692e, §1692e(10).

42. Taken individually or collectively, all of the violations of the FDCPA in the first letter are also unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

## SECOND LETTER

43. On or about 3/24/2020, AMS sent the Plaintiff another debt collection communication. A copy of this letter is attached hereto and made a part hereof as Exhibit "B".

44. Said debt collection communication from AMS concerned the Plaintiff's debt for personal medical services rendered to and for herself.

45. The Plaintiff received this letter.

46. The letter provided, in relevant part:

**SECOND NOTICE TO RESOLVE YOUR PAST DUE ACCOUNT!**
**SHELBY JILL,**

**This account still remains unpaid!**
**American Med Systems, Inc. has made several attempts to contact you by telephone.**
**Please send payment immediately.**
**This is an attempt to collect a debt and all information received will be used for that**
**purpose.**

47.   <u>FIRST VIOLATION</u>           This letter and the statements therein are not in substantial

compliance with the wording required by the FDCPA as the Defendant failed to disclose

that the communication is from a debt collector in violation of 15 U.S.C. 1692e(11)

48.   <u>SECOND VIOLATION</u>           This letter and the statements therein are not in

substantial compliance with the wording required by the FDCPA as this letter was sent

within 22 days of the Defendant's 1st collection letter and received by the Plaintiff less

than 30 days from the Defendant's 1st collection letter and demanded immediate payment

thereby overshadowing and being inconsistent with the disclosure of the consumer's right

to dispute the debt or request the name and address of the original creditor and obtain

written documentation validating the debt within 30 days of the initial communication

thereby violating 15 U.S.C. 1692e(11).

49.   <u>THIRD VIOLATION</u>           The Plaintiff made partial payment of the debt and

owed at most $85.00.  All records clearly show the correct amount of this debt was only

$85.00 well before the Defendant starting their collection activities so the Defendant

knew the correct amount of the debt prior to starting their collection activities.  By

claiming the Plaintiff owed $110.00, the Defendant has violated 15 U.S.C. 1692e(2)(a),

by falsely claiming the character, amount, or legal status of the debt.

50.     Taken individually or collectively, all of the violations of the FDCPA in the second letter by the Defendant had a purpose and/or effect of overshadowing and obfuscating the protections of the act to the detriment of the Plaintiff and all debtors.

51.     Taken individually or collectively, all of the violations of the FDCPA in the second letter, individually or collectively, are also false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. §1692e, §1692e(10).

52.     Taken individually or collectively, all of the violations of the FDCPA in the first letter are also unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

53.     As a direct and proximate cause of the Defendant's violation of the law, the Plaintiff and the members of the Class have suffered damages and will continue to suffer those damages in the future.

WHEREFORE, The Plaintiff and the members of each Class demand trial by jury and judgment against the Defendant AMS for:

1.     Statutory damages pursuant to 15 U.S.C. §1692k.

2.     Such additional damages as the court may allow for each plaintiff/Class member up to $1,000.00 pursuant to 15 U.S.C. § 1692k.

3.     The amount the court may allow for all other Class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k.

4.     Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

5.     Such other and further relief in the premises that the Court deems appropriate.

**COUNT II   VIOLATION OF FLORIDA'S
CONSUMER COLLECTION PRACTICES ACT, CH. 559**

54.   Plaintiff readopts and realleges allegations 1 through 21, inclusive, as if fully set forth herein.

55.   In addition to all other counts of this complaint or in the alternative to them, the Plaintiff, sues Defendant AMS for violation of the FLCCPA §559.72(9) (2020), F.S.

56.   At all times material hereto, Defendant AMS acted to collect consumer debts, including consumer debts for personal medical services rendered in Florida.

57.   The Defendant sent two (2) collection letters to the Plaintiff.  One dated 3/2/2020, a copy of which is attached hereto and made a part hereof as Exhibit "A", and the other dated 3/24/2020, a copy of which is attached hereto and made a part hereof as Exhibit "B".

58.   Both letters were debt collection communications from AMS and concerned the Plaintiff's debt for personal medical services rendered to and for herself.

59.   The Plaintiff received both letters.

60.   Both letters demanded payment of $110.00 from the Plaintiff.

61.   The Plaintiff did not owe $110.00.

62.   The Plaintiff made partial payment of the debt and owed, at most, $85.00.  All records clearly show the correct amount of this debt was only $85.00 well before the Defendant started their collection activities so the Defendant knew the correct amount of the debt

prior to starting their collection activities.

63.     Therefore, the Defendant's attempt to increase the Plaintiff's debt from $85.00 to $110.00 was a claim, attempt, or threaten to enforce the Defendant knows that the debt is not legitimate, or assert the existence of some other legal right when the Defendant knows that the right does not exist in violation of 559.72(9) (2020), F.S.

64.     As a direct and proximate cause of the Defendant's violation of the law, the Plaintiff has suffered damages, including emotional distress, embarrassment, humiliation, harassment, loss of sleep, stress and anxiety and will continue to suffer those damages in the future.

WHEREFORE, The Plaintiff demands trial by jury and judgment against the Defendant AMS for:

1.     Statutory Damages of $1,000 if an individual claim.

2.     Punitive damages.

3.     Temporary and permanent equitable/injunctive relief enjoining the Defendant from further violations of chapter 559, F.S.

4.     Attorney's fees and costs pursuant to F.S. §559.77.

5.     Such other and further relief in the premises that the Court deems appropriate.

*/s/     John J.R. Skrandel*,  FL Bar #120413       8/30/2020

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all matters triable by jury as a matter of right or law.

*/s/     John J.R. Skrandel*,  FL Bar #120413
John J.R. Skrandel
**Jerome F. Skrandel, PL**
Trial Counsel for Plaintiff SHELBY HILL
P.O. Box 14759, North Palm Beach, FL 33408
Phone (561)863-1605          Email  JFSPA@MSN.COM

C:\Users\jjrsp\Desktop\Legal\Clients\Hill\2-AMS-2020+\2-Suit\1-0Complaint.doc